UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                  Case No. 21-cr-20661

v.                               Honorable Linda V. Parker

CESAR STURLA, M.D.,

          Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING (ECF No. 34)

This matter is before the Court on Defendant Cesar Sturla's motion for resentencing pursuant to 28 U.S.C. § 2255 based upon Section 1B1.10 of and Amendment 821 to the United States Sentencing Guidelines. (ECF No. 34.)  The motion is fully briefed. (ECF Nos. 38, 39.)  For the reasons set forth below, the Court is denying Defendant's motion.

### Background

On November 21, 2019, Defendant pled guilty pursuant to a Rule 11 plea agreement to health care fraud, in violation of 18 U.S.C. § 1347.  (ECF No. 29.)  At the time of sentencing, Defendant had an offense level of 23 and a criminal history category of one (1) based on zero criminal history points.  His sentencing guideline range was 46-57 months' imprisonment.  On April 23, 2024, the Court

sentenced Defendant to 20 months imprisonment, a 43% deviation from the bottom of the guidelines range, followed by a one-year term of supervised release. (ECF No. 29 at PageID. 108-09.) The Court also ordered Defendant to pay $ 922,006.31 in restitution. (*Id.* at PageID. 112.)

Defendant now moves for resentencing, arguing that: (1) he was, and still remains, eligible for a two-level sentence reduction under U.S.S.G. § 1B1.10 and Amendment 821 to the guidelines, for a new guideline range of 37-46 months (*see* ECF No. 34 at PageID. 148-49); (2) the Court should have considered related cases to avoid sentencing disparities (*see id.* at PageID. 150); and (3) restitution should have been joint and several with other responsible parties (*see id.* at PageID. 151). Defendant maintains that he should be sentenced to approximately 16 months with a two-level reduction and the 43% deviation from the bottom of the new guidelines previously afforded to him.

## Analysis

The Court may modify the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (alteration added).

2

Eligibility for a reduction under this provision is triggered only by an amendment that lowers the defendant's applicable guideline range that was made retroactive by the Sentencing Commission.  *See* U.S.S.G. § 1B1.10(a)(2); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) thus depends in the first instance on the Commission's decision not just to amend the Guidelines but to make the amendment retroactive.").

The retroactive amendment at issue is Part B of Amendment 821, which recently amended the guidelines to include a two-point reduction of the offense level for certain zero-point offenders.  *See* U.S.S.G. § 4C1.1.  To be eligible, a defendant must meet the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1. (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

3

(10) the defendant did not receive an adjustment under § 3B1.1.
(Aggravating Role) and was not engaged in a continuing criminal
enterprise, as defined 21 U.S.C. § 848;

U.S.S.G. § 4C1.1(a). Defendant is a zero-point offender and meets the listed

criteria. Nevertheless, he remains ineligible for a sentence reduction.

Defendant's new guidelines range would be lowered from 46-57 months to

37-46 months. However, U.S.S.G. § 1B1.10 limits the Court's ability to reduce a

sentence below the amended guidelines range. Specifically, the guidelines read:

(A) Limitation.—Except as provided in subdivision (B), the court
shall not reduce the defendant's term of imprisonment under 18
U.S.C. § 3582(c)(2) and this policy statement to a term that is less
than the minimum of the amended guideline range determined under
subdivision (1) of this subsection.

(B) Exception for Substantial Assistance.—If the term of
imprisonment imposed was less than the term of imprisonment
provided by the guideline range applicable to the defendant at the time
of sentencing pursuant to a government motion to reflect the
defendant's substantial assistance to authorities, a reduction
comparably less than the amended guideline range determined under
subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(2)(A)-(B).

This Court sentenced Defendant to 20 months' imprisonment, which was

well below the amended guidelines range of 37-46 months. Thus, the Court cannot

further reduce his sentence for the reasons Defendant argues, despite his eligibility

for a reduction in his offense level. The Court would not have gone any further

below the guidelines even if Defendant had presented the sentences given in comparable cases, which he did not do at sentencing and only does now.

With respect to Defendant's request that restitution be applied jointly and severally with the other parties responsible for the crimes, "[s]ection 3664(h) specifically empowers district courts to make individual defendants liable for all of the losses caused by multi-defendant crimes." *United States v. Sawyer*, 825 F.3d 287, 295 (6th Cir. 2016) (citing 18 U.S.C § 3664(h)). However, only Defendant was charged for the crimes to which he pleaded guilty. No other defendants, or responsible parties, are present for the Court's consideration. His argument that "other parties [are] responsible for the submission of the claims to Medicare" fails as "restitution may not be imposed for losses caused by any other crime or any other defendant." *Paroline v. United States*, 572 U.S. 434, 466 n.1 (2014) (same) (Roberts, C.J. dissenting). His acceptance of responsibility for these crimes makes him responsible for the loss amount. Additionally, he stands alone, with no co-defendants, to share in the loss amount.

Moreover, even if other individuals were before the Court, 18 U.S.C § 3664(h) gives the Court the discretion to apportion the payment among defendants, but the Court is not required to do so. *See United States v. Romer*, 797 F. App'x 192, 200 (6th Cir. 2019). Therefore, the Court is permitted to assign the entire restitution amount to one defendant, as it has done in this case. The Court

sees no reason not to apportion the entire amount to Defendant, particularly given that he agreed to these terms in his Rule 11 plea agreement. (*See* ECF No. 13 at PageID. 46 ("The parties have agreed that the Defendant shall pay restitution to the victims in this case, [i]n an amount to be determined but not to exceed $922,006.31"); *see also United States v. Grant*, 181 F. App'x 591, 593 (7th Cir. 2006) (emphasis and alteration in original) (internal quotation omitted) ("[r]estitution is limited to the loss caused by the crimes of which defendant stands convicted, *unless he agrees to pay more*.").

Considering that: (1) no other responsible parties are before the Court; (2) the statute permits the Court to apportion the entire amount to Defendant; and (3) Defendant agreed to be responsible for the entire amount in his Rule 11 plea agreement, the Court rejects Defendant's request to make restitution joint and several.

## Conclusion

For the reasons set forth above, the Court holds that despite being eligible for a reduction to his offense level, Defendant is not eligible for resentencing under the applicable amendment to the United States Sentencing Guidelines or an amendment to his restitution obligations.  The Court also declines to make Defendant's restitution obligations joint and several.

Accordingly,

6

**IT IS HEREBY ORDERED** that Defendant's motion for resentencing (ECF No. 34) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 21, 2024